# APPENDIX

**NOT FOR PUBLICATION**                                                                    **CLOSED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTEMI LTD., | Civil Action No. 03-3525 (JAP) |
| Plaintiff, | |
| v. | **OPINION** |
| SAFE-STRAP CO., INC., | |
| Defendant. | |

APPEARANCES

    MULLEN & REYNOLDS, LLC
    Eugene G. Reynolds, Esq.
    2740 Route 10, West
    Morris Plains, New Jersey 07950
        - and -
    OSTROLENK FABER GERB & SOFFEN, LLP
    Louis Dujmich, Esq.
    Marc A. Lieberstein, Esq.
    1180 Avenue of the Americas
    New York, New York 10036
        Attorneys for Defendant Safe-Strap Co., Inc.

    GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECCHIONE PC
    Kevin McNulty, Esq.
    One Riverfront Plaza
    Newark, New Jersey 07102
        - and -
    PILLSBURY WINTHROP LLP
    Scott Pivnick, Esq.
    1600 Tysons Boulevard
    McLean, Virginia 22102
        Attorneys for Plaintiff Artemi Ltd.

PISANO, District Judge.

    Before the Court are cross-motions for summary judgment filed by the Plaintiffs, Artemi,

Ltd. ("Artemi" or the "Plaintiff") and Defendant Safe-Strap Co., Inc., ("Safe-Strap" or the "Defendant") pursuant to Federal Rule of Civil Procedure 56; the Defendant alternatively moved to dismiss the Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Plaintiff's complaint (the "Complaint") alleges violation of the United States Copyright Act, 17 U.S.C. §§101-1101 (Count I), and asserts common law claims of unfair competition (Count II), tortious interference with prospective business relations (Count III), conversion (Count IV), and unjust enrichment (Count V). The Defendant timely filed its answer.

The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 1331 and 1338 with respect to Count I, and 28 U.S.C. § 1367 with respect to the remaining state law claims. This Court heard oral argument on March 9, 2004, and for the reasons set forth below, grants summary judgment in favor of the Defendant, Safe-Strap on Count I, and declines to exercise supplemental jurisdiction over the remaining state claims.

## I. BACKGROUND

This case involves the copyright protection of Artemi's 1996, 1999 and 2000 Spacemaker User Guide and the creation of an allegedly infringing instruction sheet by the Defendant, Safe-Strap. Artemi is a United Kingdom corporation that manufactures and sells the "Spacemaker," a space-saving apparel hook. Plaintiff's Local Civil Rule 56.1 Statement, referred to herein as "Pl.'s 56.1 Stmt." at ¶1.1. In connection with the sale and manufacture of the Spacemaker, Artemi developed and distributed three different versions of the User Guide, which were each covered by separate copyrights.[1] *Id.* at ¶2.1. Safe-Strap is a direct competitor of Artemi, and also manufactures and sells

---

[1] The 1996 User Guide is covered by United States Copyright No. TX 5-749-710, the 1999 User Guide is covered by United States Copyright No. TX 5-749-711, and the 2000 User Guide is covered by United States Copyright No. TX 5-750-258. Pls.'s 56.1 Stmt. at ¶2.1 and

2

apparel hooks, which are sold under the commercial name "Hang Under." *Id.* at ¶1.4, Defendant's Response to Plaintiff's Statement of Undisputed Facts, referred to herein as "Def.'s Resp." at ¶1.4.

Beginning in August 1999, Wal-Mart Stores, Inc. ("Wal-Mart") contacted Artemi regarding its Spacemaker, and requested specifications and user guides, which Artemi provided. Pl.'s 56.1 Stmt. at ¶3.2; Def.'s Resp. at ¶3.2. Over the course of the next two years, Wal-Mart conducted trials of the Spacemaker in trials of 50 of its stores. *Id.* In February 2001, Wal-Mart approached Safe-Strap to determine if a similar product could be made at a lower price. Pl.'s 56.1 Stmt. at ¶3.3; Def.'s Resp. at ¶3.3; Defendant's Local Civil Rule 56.1 Statement of Undisputed Facts, referred to herein as "Def.'s 56.1 Stmt." at ¶3. Wal-Mart provided Safe-Strap with a copy of at least the 2000 User Guide[2] for the Spacemaker with Artemi's name and logo blacked out "as an example of the type of documentation Safe-Strap would have to provide in the packaging of the Safe-Strap apparel hooks." Def.'s 56.1 Stmt. at ¶4; Pl.'s 56.1 Stmt. at ¶4.1; Def.'s Resp. at ¶4.1; *see also* Declaration of Paul Giampavolo ("Giampavolo Decl.") Ex. D. Wal-Mart's request for a bid contemplated production of six million apparel hook pieces. Pl.'s 56.1 Stmt. at ¶3.5; Def.'s Resp. at ¶3.5. Safe-Strap continues to manufacture and sell the Hang Under. Pl.'s 56.1 Stmt. at ¶3.12; Def.'s Resp. at ¶3.12.

Safe-Strap developed the Hang Under in early 2001, and thereafter drafted a corresponding

---

Sponsoring Declaration of Daniel E. Yonan ("Yonan Decl.") Exs. H, I, and J.

[2] The Defendant does not dispute that Wal-Mart provided them a copy of Artemi's 2000 User Guide, with Artemi's name and logo blacked out. *See* Def.'s Resp. at ¶4.1. The Plaintiff alleges that its User Guide was provided to Safe-Strap by Wal-Mart, and that "Safe-Strap has copied Artemi's 2000 User Guide which contains original material, as well as pre-existing material identified in the pre-existing Artemi 1996 and 1999 User Guides. *See* Pl.'s 56.1 Stmt. at ¶¶4.1, 11.1.

3

instruction sheet (the "Instruction Sheet"). Def.'s 56.1 Stmt. at ¶9; Pl.'s 56.1 Stmt. at ¶¶3.4, 9; Def.'s Resp. at ¶3.4. The Instruction Sheet developed by Safe-Strap "describes and illustrates how somebody working in a retail clothing store would use the product." Def.'s 56.1 Stmt. at ¶6; Pl.'s 56.1 Stmt. at ¶3.5. Although Safe-Strap claims that the text of the Instruction Sheet was drafted by Safe-Strap personnel, namely its President and CEO, Paul Giampavolo ("Giampavolo"), *see* Def.'s 56.1 Stmt. at ¶¶7, 11, Artemi asserts without dispute by Safe-Strap that "Safe-Strap used the Artemi User Guide 'as a base' to determine which features it would incorporate into its own Instruction Sheet." Pl.'s 56.1 Stmt. at ¶7.2 (citing Transcript of Deposition of Paul Giampavolo ("Giampavolo Tr.") at 157:15 - 158:2); Def.'s Resp. at ¶7.2. With respect to the graphics in the Instruction Sheet, Safe-Strap contends, and Artemi does not dispute, that "[t]he graphics in the Instruction Sheet were prepared by an outside independent illustrator." Def.'s 56.1 Stmt. at ¶8; Pl.'s 56.1 Stmt. at ¶8. Artemi and Safe-Strap both agree that a user guide or other form of instructions is required for a user to understand how to properly use the Spacemaker and the Hang Under. Pl.'s 56.1 Stmt. at ¶6.2; Def.'s Resp. at ¶6.2.

## II. LEGAL DISCUSSION

### A. *Summary Judgment Standard*

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the moving party must first show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). An issue is genuine "if the evidence is such that a

4

reasonable jury could return a verdict" for the non-moving party. *Healy v. N.Y. Life Ins. Co.*, 860 F.2d 1209, 1219 n.3 (3d Cir. 1988). "The substantive law governing the dispute will determine which facts are material and only disputes over those facts 'that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Simmerman v. Corino*, 804 F.Supp. 644, 649 (D.N.J. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

If the moving party can show that no genuine issue of material fact exists, the burden then shifts to the non-moving party to present evidence that a genuine issue of fact exists. *Celotex Corp.*, 477 U.S. at 324. In determining whether a genuine issue of material fact exists, the Court must view the facts in the light most favorable to the non-moving party and extend all reasonable inferences to that party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Stephens v. Kerrigan*, 122 F.3d 171, 176-177 (3d Cir. 1997). In making this determination, the Court shall not "weigh the evidence and determine the truth of the matter," but only needs to determine whether a genuine issue necessitates a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In order to satisfy this standard, however, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . ." *Matsushita*, 475 U.S. at 586-87 (citations omitted). Instead, the non-moving party must prove beyond a "mere scintilla" of evidence that a genuine issue of material fact exists. *Big Apple BMW v. BMW of N. Am.*, 974 F.2d 1358, 1363 (3d Cir. 1992). In addition, "a party cannot rely upon self-serving conclusions, unsupported by specific facts in the record." *Laresca v. Am. Tel. & Tel.*, 161 F.Supp.2d 323, 327 (D.N.J. 2001) (citing *Celotex Corp.*, 477 U.S. at 322-23).

B.  *Copyright Infringement*

Under the Copyright Act, copyright protection is given to "original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 102(a). The Copyright Act makes it unlawful for anyone other than the owner of the copyright to reproduce, copy or distribute protected material. 17 U.S.C. § 106. However, "[i]n no case does copyright protection for an original work of authorship extended to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b). In other words, in copyright law, "[a] basic principle, easy to articulate but difficult to apply, is that the expression of an idea may be protected by copyright but the idea itself cannot." *Universal Athletic Sales Co. v. Salkeld*, 511 F.2d 904, 906 (3d Cir. 1975).

In order to make out a claim for copyright infringement, the holder of a copyright "must establish that he or she owns a valid copyright, that the defendants copied a protectible expression, and that the copying is substantial enough to constitute improper appropriation of plaintiff's work." *Jarvis v. A & M Records*, 827 F.Supp. 282, 288 (D.N.J. 1993); *see also Universal*, 511 F.2d at 907 (explaining that to prove copyright infringement, a plaintiff "must first prove that the defendant has copied the protected work and, second, that there is a substantial similarity between the two works").

1.  Valid Copyright

Each of the User Guides at issue are covered by copyrights; specifically, the 1996 User Guide is covered by United States Copyright No. TX 5-749-710, the 1999 User Guide is covered by United States Copyright No. TX 5-749-711, and the 2000 User Guide is covered by United States Copyright

6

No. TX 5-750-258. Pls.'s 56.1 Stmt. at ¶2.1 and Yonan Decl. Exs. H, I, and J (certificates of registration for each User Guide). "Certificates of registration issued by the U.S. Copyright Office constitute *prima facie* evidence of the validity and ownership of the material." *Ford Motor Co. v. Summit Motor Prods.*, 930 F.2d 277, 291 (3d Cir. 1991). It is undisputed that Artemi's owns the relevant copyrights in the 1996, 1999 and 2000 User Guides, and Safe-Strap has conceded the validity of the copyrights for the purposes of this motion, and it is not at issue here. Def.'s Br. at 7. The certificate of registration for each of the User Guides describes the "nature of the authorship" of Paul Artemi as "All of the text," and for Samuel Gaybar as "All drawings." *See* Yonan Decl. Exhs. H, I, and J.

    2.    <u>Protectible Expression</u>

Only material that is covered by the Copyright Act is afforded copyright protection, and not all elements of a work may be protected by the Act. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 349 (1991). The Copyright Act excludes from its coverage ideas, procedures, and concepts. *See* 17 U.S.C. §102(b). Words and short phrases, listing of ingredients or contents, ideas, plans, methods, and systems are examples of material that is not subject to copyright protection. 37 C.F.R. § 202.1. Similarly,

> [a] copyright does not cover an idea or a system of doing business but only the particular mode of expression of the idea embodied in the copyrighted material. The public is free to use the idea or method of doing business and hence, while the copyrighted description of the idea may not be slavishly copied, the copyright is not infringed by an expression of the idea which is substantially similar where such similarity is necessary because the idea or system being described is the same.

*Kepner-Tregoe, Inc. v. Executive Dev., Inc.*, 79 F.Supp.2d 474, 485 (D.N.J. 1999) (quoting

7

*Universal*, 511 F.2d at 908). In other words, "the copyright law does not protect 'fragmentary words and phrases' and 'forms of expression dictated solely by functional considerations.'" *Sem-Torq, Inc. v. K Mart Corp.*, 936 F.2d 851, 854-55 (6th Cir. 1991) (quoting *Magic Mktg. v. Mailing Servs. of Pittsburgh, Inc.*, 634 F.Supp 769, 771 (W.D. Pa. 1986)).

In addition, "facts are not copyrightable," and in order to be afforded copyright protection, work must be original. *Feist Publ'ns*, 499 U.S. at 344-45. "The mere fact that a work is copyrighted does not mean that every element of the work may be protected," and only those portions of a copyrighted work that are original are protected. *Id.* at 348. "Originality is a constitutional requirement," and is defined by the United States Supreme Court "means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Id.* at 345-46.

### 3. Copying and Substantial Similarity

Evidence of copying may be direct or indirect.

> Because direct evidence of copying is rarely available, it may be inferentially proven by "showing that the defendant had access to the allegedly infringed work, . . . that the allegedly infringing work is substantially similar to the copyrighted work," and, of course, that one of the rights guaranteed to copyright owners by 17 U.S.C. § 106 is implicated by the defendant's actions.

*Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 291 (3d Cir. 1991) (quoting *Whelan Assocs. v. Jaslow* Dental Lab., 797 F.2d 1222, 1232 (3d Cir. 1986)). In analyzing this issue, the Third Circuit has explained that in order to show substantial similarity, a plaintiff must meet two tests. *Ford Motor*, 930 F.2d at 291; *Kepner-Tregoe*, 79 F.Supp.2d at 484 (citing *Whelan Assoc., Inc. v. Jaslow Dental Lab. Inc.*, 797 F.2d 1222, 1232 (3d Cir. 1986)). First, a plaintiff is required to

satisfy the "extrinsic test," "which queries 'whether there is sufficient similarity between the two works in question to conclude that the alleged infringer used the copyrighted work in making his own.'" *Kepner-Tregoe*, 79 F.Supp.2d at 484 (quoting *Whelan*, 797 F.2d 1232); *see also Ford Motor*, 930 F.2d at 291. "To satisfy this test, expert testimony and a visual comparison between both the allegedly infringing work and the copyrighted work are often employed." *Kepner-Tregoe*, 79 F.Supp.2d at 484 (citing *Universal*, 511 F.2d at 907); *see also Ford Motor*, 930 F.2d at 291.

Before substantial similarity is demonstrated, however, the plaintiff must also satisfy the "intrinsic test," which "queries, from a lay perspective, whether the copying was an unlawful appropriation of the copyrighted material." *Kepner-Tregoe*, 79 F.Supp.2d at 484 (citing *Whelan*, 797 F.2d 1232); *see also Ford Motor*, 930 F.2d at 291, *Universal*, 511 F.2d at 907. "Unlawful appropriation is a taking of the independent work of the copyright owner which is entitled to the statutory protection." *Kepner-Tregoe*, 79 F.Supp.2d at 484 (citing *Universal*, 511 F.2d at 907) (quotations omitted). This analysis includes consideration of "the nature of the protected material and the setting in which it appears." *Id.*

## III. ANALYSIS

### A. Plaintiff's Copyright Claim–Count I

In Count I of the Complaint, Artemi alleges that Safe-Strap's Instruction Sheet is an unauthorized derivative work of their User Guide, and by producing and distributing the Instruction Sheet, Safe-Strap has and continues to infringe their copyrights in and relating to the User Guides. Compl. at ¶¶18, 24. Artemi seeks an injunction restraining Safe-Strap from engaging in further infringement, and damages. *Id.* at ¶¶25-26. Both parties agree that summary judgment is appropriate here. Assuming the truth of the Plaintiff's statements and contentions, the Court concludes that the

9

Defendant is entitled to summary judgment with respect to Count I.

At the heart of this dispute is the extent of copyright protection available to the type of instruction sheets presented here. The Defendant concedes the existence of valid copyrights in the 1996, 1999 and 2000 User Guides. *See* Def.'s Br. at 7. The fact that Artemi owns these copyrights, however, does not mean that the entire work is protected, and the Court holds that scope of the copyrights at issue are limited. Factual information is not copyrightable and facts are not extended copyright protection, because facts are not original to the author. *Feist Publ'ns*, 499 U.S. at 344-45. Likewise, "the copyright law does not protect fragmentary words and phrases and forms of expression dictated solely by functional considerations." *Sem-Torq*, 936 F.2d at 854-55 (internal quotation and citations omitted).

Each of the User Guides contain a great deal of information regarding the use and set-up of the Spacemaker, textual instruction, a number of illustrations, a chart that provides information about the number and types of garments that may be placed into a Spacemaker. *See* Yonan Decl. at Exhs. E, F, & G. Beginning with the 1999 User Guide, Artemi included a "Best Practices" section that makes recommendations as to the use of the Spacemaker. *Id.* The Court further finds that "the functional nature of the signs, not creativity, mandated the selection of the features" used in the Instruction Sheet, *see Sem-Torq*, 936 F.2d at 855, and the use of individual words such as "jumpers," "blouses"and "garments" does not alter this result. The Instruction Sheet, and description of the clothing, is a form of expression that is dictated solely by functional considerations, and the Court is hard-pressed to think of another way to inform purchasers of the product how to use it, especially in light of the fact that both Artemi and Safe-Strap agree that some sort of instruction sheet or guide is required. *See* Pl.'s 56.1 Stmt. at ¶6.2; Def.'s Resp. at ¶6.2. Here, there is no infringement on the

10

copyrights in the User Guides simply because the Instruction Sheet expresses the same idea. The resulting similarity is necessary because the idea is also. *See Kepner-Tregoe*, 79 F.Supp.2d at 485.

As in *Universal*, the Court finds that in this case, Artemi's primary concern was not with Safe-Strap's development and/or use of an instruction sheet, "but with the ideas that they conveyed." *Universal*, 511 F.2d at 908. It is apparent to the Court that "[u]nderlying [Artemi's] claim of infringement was a feeling of resentment that the defendants had utilized knowledge which had been secured without their own independent research. In short, it was the protection of the idea that was the foremost consideration of the [P]laintiff. But, copyright does not protect ideas–only expression." *Id.* The Plaintiff's concerns are irrelevant here, and are best dealt with in action filed by Artemi for patent infringement of the hook itself.

Safe-Strap concedes, and the Court finds, that it had access to Artemi's User Guides. The record reflects that Wal-Mart provided a copy of at least the 2000 User Guide to Safe-Strap, and Safe-Strap does not contest this fact. Likewise, Safe-Strap does not dispute Aremti's allegation that it used the User Guides "'as a base' to determine which features it would incorporate into its own Instruction Sheet." Pl.'s 56.1 Stmt. at ¶7.2; Def.'s Resp. at ¶7.2. "Not all copying, however, is copyright infringement," *Feist Publ'ns*, 499 U.S. at 361, and the Court further finds that there is not "substantial similarity."

The Court finds that the Plaintiff has satisfied its burden with respect to the "extrinsic test," which requires a showing that "there is sufficient similarity between the two works in question to conclude that the alleged infringer used the copyrighted work in making his own." *Kepner-Tregoe*, 79 F.Supp.2d at 484. Defendant Safe-Strap has conceded for the purpose of this motion that it used the User Guide "as a base" in the creation of its own Instruction Sheet. Pl.'s 56.1 Stmt. at ¶7.2;

11

Def.'s Resp. at ¶7.2. Accordingly, the Court's inquiry on this point need go no further.

However, the Court finds that the "intrinsic test" of substantial similarity, whether from a lay perspective, the copying was an unlawful appropriation of the copyrighted material has not been met. The Court's analysis here certainly involves an examination of the overall appearance and nature of the documents, "[i]t is difficult to explain all the points of similarity and dissimilarity between the two charts without going into great detail." *Universal*, 511 F.2d at 908. In its motion and at oral argument, Artemi repeatedly claims that use of words such as "jumpers," "blouses," and "garments" evidence substantial similarity. See Pl.'s Br. at 18-19 (Table 1). Likewise, Artemi contends that Safe-Strap "organizes layout on a single page with illustrations and text explaining illustrated procedures," "provides image of apparel hook next to garment type box," and "garment type box lists recommended quantity per hook for each type of 'garments'," all of which support a finding of substantial similarity. *Id.* The Court disagrees.

This analysis includes consideration of "the nature of the protected material and the setting in which it appears." *Kepner-Tregoe*, 79 F.Supp.2d at 484. Considering the context of the material and the nature of the document, the Court finds that there are a limited number of ways that one may devise and design an instruction sheet for the garment hooks at issue here. It is difficult for the Court to imagine an instruction manual or sheet of any kind that does not provide illustration and text explaining illustrated procedures, and the presence of text and illustration does not evidence substantial similarity here. This is so, particularly in light of the differences between the User Guides and the Instruction Sheet. First, the actual layout of the text and illustrations are different, however; Artemi's is oriented vertically, while Safe-Strap's Instruction Sheet is visually oriented horizontally. In addition, the User Guide has a total of nine (9) pictures, while the Instruction Sheet

12

has only four (4), and the illustrations and text are not identical. The depiction of the clothes in the User Guide depicts the Spacemaker holding hangers of use of tee-shirts with sleeves, and what appears to be business suits. In others, there is no clothing at all, and show in more detail how to use the Spacemaker. Defendant's Instruction Sheet does not have the same illustrations that the User Guide has, and depict the Hang Under holding different clothing. Moreover, the 1999 and 2000 versions of the Artemi User Guide prominently displays a "Best Practices" section, which recommends to users of the Spacemaker efficient ways to use the device.

The only real similarities between the User Guides and the Instruction Sheet are the pictures of the apparel hooks themselves, and a listing of how many of each type of garment should be used on a hook. The Court finds that this must necessarily be so because both express the same idea, and are trying to convey how to use a device similar in operation. The Court concludes that a lay observer could not find such a substantial similarity between the two sheets as would amount to an appropriation of Artemi's independent work; the use of the word "jumpers" in both does not change this result. "The ideas are similar, but the expressions are not substantially so." *Universal*, 511 F.2d 909.

The Copyright Act was not designed to prevent or hinder creation, invention and ideas, only copying of protected expression. Accepting the truth of what Artemi alleges for the purpose of deciding the motion, the Court finds that there are no genuine issues of material fact with respect to the Plaintiff's copyright claim. The content of the User Guides are largely dictated by their functionality and the individual words and phrases identified as infringing by Artemi are not protected by copyright law. Likewise, the Court concludes that there is no substantial similarity between the two works, as defined by the Third Circuit. Summary judgment is granted in favor of

Safe-Strap with respect to Count I, and it is dismissed.

    B.    *Plaintiff's State Law Claims–Counts II through V*

Where a federal court exercises original jurisdiction over at least one claim before it, "the district court[] shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III . . . ." 28 U.S.C. § 1367(a). "The district court may decline to exercise supplemental jurisdiction . . . if the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c). Having dismissed the Plaintiff's federal copyright claim over which it had original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims, Counts II through V.

## IV.   CONCLUSION

The Court finds that no genuine issue of material fact exists and, for the reasons set forth above, grants summary judgment in favor of the Defendant with respect to Count I, and dismisses it with prejudice. The Court declines to exercise supplemental jurisdiction over Counts II through V, the remaining state law claims, and they are dismissed without prejudice. An appropriate order accompanies this opinion.

Dated: August 31, 2004

                                                       /s/   HON. JOEL A. PISANO, U.S.D.J.