UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THEFLYONTHEWALL.COM, INC.,<br><br>  Plaintiff,<br><br>v.<br><br><br>TRADE THE NEWS, INC.,<br><br>  Defendant. | Civil Action No. 07 CV 9612 (CM)(GWG) |

**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO DISMISS**

Marc A. Lieberstein (MAL 7116)
Barry M. Benjamin (BMB 7350)
**DAY PITNEY LLP**
7 Times Square
New York, New York 10036
mlieberstein@daypitney.com
bbenjamin@daypitney.com
Phone:  (212) 297-5800
Fax:     (212) 916-2940

*Attorneys for Defendant,
Trade The News, Inc.*

83012552A06012808

## TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 2

    POINT I:   PLAINTIFF'S COPYRIGHT PLEADING DEFICIENCIES ................................ 2

        A.    Copyright Claims are Subject to a Pre-Answer Motion To Dismiss .................... 2

        B.    The Complaint's Alleged Unprotectable Elements Cannot Be Infringed ............. 3

    POINT II:   PLAINTIFF'S DEFECTIVE MISAPPROPRIATION CLAIM ............................ 5

    POINT III:   EQUITABLE ESTOPPEL BARS PLAINTIFF'S CLAIMS ............................... 7

    POINT IV:   A STAY OF THIS CASE IS IN THE INTEREST OF THE PARTIES AND THE COURT ............................................................................................. 9

CONCLUSION .................................................................................................................... 10

## TABLE OF AUTHORITIES

### CASES

*Adams v. Warner Brothers Pictures Network*, 05 Civ. 5211, 2007 U.S. Dist. LEXIS 47448 (E.D.N.Y. June 29, 2007) ................................................................................................ 2, 3

*Bell v. Blaze Magazine*, 99 Civ. 12342, 2001 U.S. Dist. LEXIS 2783 (S.D.N.Y. March 16, 2001) ............................................................................................................................. 2, 3

*Boyle v. Stephens, Inc.*, 97 Civ. 1351, 1998 U.S. Dist. LEXIS 1968 (Feb. 25, 1998), *aff'd,* 21 Fed. Appx. 76 (2d Cir. 2001) ........................................................................................ 3

*Buckman v. Citicorp*, 95 Civ. 0773, 1996 U.S. Dist. LEXIS 891 (S.D.N.Y. Jan. 30, 1996), *aff'd,* 101 F.3d 1393 (2d Cir. 1996) ................................................................................... 3

*Buckward Digital Services, Inc. v. Millar Instruments*, Civil Action No. H-05-1728, 2006 U.S. Dist. LEXIS 29954 (S.D. Tex. Apr. 26, 2006) .............................................................. 8

*Byron v. Chevrolet Motor Division of General Motors Corp.*, 93 Civ. 1116, 1995 U.S. Dist. LEXIS 11115 (S.D.N.Y. Aug. 7, 1995) ............................................................................ 7

*City of New York v. Shalala*, 34 F.3d 1161 (2d Cir. 1994) .............................................................. 7

*DeCarlo v. Archie Comic Publ'ns, Inc.*, 127 F. Supp. 2d 497 (S.D.N.Y. 2001), *aff'd,* 11 Fed. Appx. 26 (2d Cir. 2001) ............................................................................................. 7

*Financial Information, Inc. v. Moody's Investors Serv., Inc.*, 808 F.2d 204 (2d Cir. 1986) ........... 5

*Haas v. Leo Feist, Inc.*, 234 F. 105 (S.D.N.Y. 1916) ........................................................................ 8

*Lynch, Jones & Ryan, Inc. v. Standard & Poor's*, No. 117064/97, P.C. No. 13165, 1998 N.Y. Misc. LEXIS 334 (Sup. Ct. June 15, 1998) ................................................................ 6

*National Basketball Association v. Motorola, Inc.*, 105 F.3d 841 (2d Cir. 1997) ...................... 5, 6

*Naxon Telesign Corp. v. Bunker Ramo Corp.*, 686 F.2d 1258 (7th Cir. 1982) ............................... 8

*Tabachnik v. Dorsey*, 04 Civ. 9865, 2005 U.S. Dist. LEXIS 14267 (S.D.N.Y. July 15, 2005), *aff'd,* 05-6246-cv, 2007 U.S. App. LEXIS 28950 (2d Cir. Dec. 13, 2007) ................... 3

*Watermark Publishers v. High Technology System, Inc.*, Case No. 95-3839-IEG, 1997 U.S. Dist. LEXIS 22512 (S.D. Cal. June 19, 1997) ................................................................. 8

*Zella v. E.W. Scripps Co., No. CV 06-7055*, 2007 U.S. Dist. LEXIS 95181 (C.D. Cal. Dec. 18, 2007) .................................................................................................................... 2

## OTHER AUTHORITIES

*Obama Claims Big Win in South Carolina*, CNN, Jan. 27, 2008,
http://www.cnn.com/2008/POLITICS/01/26/sc.primary/index.html .................................... 4

## INTRODUCTION

The four corners of the Complaint and Plaintiff's opposition to the instant motion simply fail to set forth sufficient allegations to state a claim for relief that is plausible on its face. For its copyright claim, the Complaint fails to plead ownership of protectable copyrightable newsfeed works, and therefore, this Court must dismiss the copyright claim. The misappropriation claim is similarly deficient because the Complaint fails to plead that the allegedly misappropriated material falls within the very narrow "hot news" exception to federal preemption. Plaintiff's allegations are inherently and directly contradictory in that Plaintiff pleads that it was prevented from utilizing its competitive advantage, but by its own admission Plaintiff pleads that it has "continued to expend substantial resources" in its business despite knowing about Defendant's conduct for three and a half years. Pl.'s Opp. at 3. These allegations completely undercut Plaintiff's misappropriation claim, rendering its pleading utterly deficient. Indeed, these contradictory allegations also lend further support for Defendant's showing that the Complaint should be dismissed on the grounds of equitable estoppel. And last, a stay of this action is warranted because the lawsuit filed against Plaintiff by the Securities Firms (as defined in Defendant's initial moving papers) alleges that Plaintiff has continued to infringe the Securities Firms' equity reports, and therefore, Plaintiff's alleged copyrighted material may not belong to Plaintiff.

# ARGUMENT

## POINT I:  PLAINTIFF'S COPYRIGHT PLEADING DEFICIENCIES

The Complaint only pleads a number of non-copyrightable, unprotectable news squibs that comprise a very small percentage of Plaintiff's allegedly copyrighted work, *i.e.*, its entire newsfeed.  Plaintiff's allusion to a larger allegedly copyrighted work – its newsfeed – does not cure the pleading defect, nor allege facts sufficient to support a copyright infringement claim.  As a matter of law, this Court should find that no substantial similarity exists because the Complaint fails within its four corners to set forth copyrightable works supporting a valid copyright claim.

A. <u>Copyright Claims are Subject to a Pre-Answer Motion To Dismiss</u>

Plaintiff would have this Court believe that all copyright claims are entitled to survive a motion to dismiss and plaintiffs in all copyright actions are entitled to discovery.  Plaintiff is wrong.

It is well-settled in this Circuit, as well as in other circuits, that a court may dismiss a copyright claim as a matter of law upon a pre-answer motion to dismiss.  *See, e.g., Bell v. Blaze Magazine*, 99 Civ. 12342, 2001 U.S. Dist. LEXIS 2783 (S.D.N.Y. March 16, 2001) (dismissing copyright claim on pre-answer motion finding that alleged similarities relate to unprotectable ideas and holding that "the determination of whether the parties' works are 'substantially similar' may be decided by a court as a matter of law"); *see also Zella v. E.W. Scripps Co.*, No. CV 06-7055, 2007 U.S. Dist. LEXIS 95181 (C.D. Cal. Dec. 18, 2007) (granting pre-answer motion to dismiss copyright claim).  If the only similarity between the parties' works concern unprotected elements, a complaint is defective as a matter of law.  *Adams v. Warner Bros. Pictures Network*, 05 Civ. 5211, 2007 U.S. Dist. LEXIS 47448, at *12 (E.D.N.Y. June 29, 2007).

Plaintiff concedes that facts and news events themselves may not be copyrighted. Pl.'s Opp. at 2, 13. In a number of instances, Plaintiff alludes to its entire newsfeed, indicating that the allegations in the Complaint are merely a small sampling of alleged copying. But the Complaint only pleads short factual snippets containing purely factual news events that are not, by Plaintiff's admission, copyrightable. The Complaint therefore is ripe for dismissal because it fails to demonstrate that Plaintiff has any protectable works. *Adams,* 2007 U.S. Dist. LEXIS 47448 at *12.

### B. The Complaint's Alleged Unprotectable Elements Cannot Be Infringed

In those cases involving alleged infringement of a work containing both protectable and unprotectable elements, courts have freely granted defendants' motions to dismiss where no reasonable jury could find that any alleged similarities between the two works relate to protectable elements of the work, or that no reasonable jury could find two works substantially similar. *Buckman v. Citicorp*, 95 Civ. 0773, 1996 U.S. Dist. LEXIS 891, at *3 (S.D.N.Y. Jan. 30, 1996), *aff'd,* 101 F.3d 1393 (2d Cir. 1996); *Boyle v. Stephens, Inc.*, 97 Civ. 1351, 1998 U.S. Dist. LEXIS 1968 (Feb. 25, 1998), *aff'd,* 21 Fed. Appx. 76 (2d Cir. 2001); s*ee also*, *Bell,* 2001 U.S. Dist. LEXIS 2783 at *13; *Tabachnik v. Dorsey*, 04 Civ. 9865, 2005 U.S. Dist. LEXIS 14267, at *13 (S.D.N.Y. July 15, 2005), *aff'd,* 05-6246-cv, 2007 U.S. App. LEXIS 28950 (2d Cir. Dec. 13, 2007) (granting Fed. R. Civ. P. 12(b)(6) motion to dismiss where excerpts from plaintiff's works as included in complaint showed that plaintiff was "seeking to protect the kind of historical facts that fall within the public domain and, as such, are not copyrightable.").

The Complaint alludes to a copyright in Plaintiff's entire newsfeed. Plaintiff is correct that limited copyright protection may be granted to the manner and form in which Plaintiff expresses facts and news events in its entire newsfeed. Here, though, Plaintiff has not pleaded its

3

entire newsfeed. Rather, Plaintiff only pleads unprotectable short facts and squibs. Contrary to Plaintiff's assertion in its Opposition that it has properly alleged copying of its entire newsfeed, nowhere in the Complaint is the entire newsfeed presented for the Court's (or Defendant's) consideration. The Court's analysis being restricted to those allegations contained within the four corners of the Complaint, the Complaint should be deemed defective on its face for omitting the copyrighted work.

     Most puzzling is Plaintiff's contention that Defendant copied "the most creative and original aspects of the newsfeed." Pl.'s Opp. at 16. But every example Plaintiff pleads is either a purely factual news snippet or derived from third-party material, neither of which is protected by copyright. For instance, Plaintiff claims that the factual information that the stock for Activision was "downgraded to Hold from Buy[]" is protectable as a "creative and original" aspect of the newsfeed. Compl. ¶ 25. Plaintiff also clams that it owns a copyright in the sentence "Brean Murray lowered estimates to reflect the Q1 miss but said [Isle of Capri Casinos] is improving its asset quality, management team, and operations." Compl. ¶ 25, Pl.'s Opp. at 17. But, this sentence is purely a factual news items and the second part of the sentence is a mere restatement of Brean Murray's analysis, neither of which is copyrightable or owned by Plaintiff. This is analogous to arguing that CNN could claim copyright protection in its broadcast of the statement that "Obama claims big win in South Carolina," which would then prevent any other news organization from reporting the same news. *Obama Claims Big Win in South Carolina*, CNN, Jan. 27, 2008, http://www.cnn.com/2008/POLITICS/01/26/sc.primary/index.html. Other than being legally baseless, this argument is obviously silly.

Accordingly, based on the Complaint's pleaded allegations, this Court must grant Defendant's Motion and find that Defendant's works are not infringing as a matter of law because the only material alleged to have been copied is nonprotectable.

### POINT II: PLAINTIFF'S DEFECTIVE MISAPPROPRIATION CLAIM

Where a party fails to meet the *INS* "hot-news" pleading requirements because no "free-riding" is pled, the Court should find as a matter of law that the misappropriation claim is pre-empted by federal law. *Nat'l Basketball Ass'n v. Motorola, Inc.,* 105 F.3d 841, 854 (2d Cir. 1997). In *Financial Information*, *Inc.* ("*FII*") the Second Circuit held as a matter of law that the plaintiff's misappropriation claim was pre-empted because at trial it established "neither the quantity of copying nor the immediacy of distribution necessary to sustain a 'hot' news claim." *See also*, Pl.'s Opp. at 11; *Financial Info., Inc. v. Moody's Investors Serv., Inc.*, 808 F.2d 204, 209 (2d Cir. 1986). Plaintiff's Complaint contains allegations which are extremely similar to those found deficient in *FII*. Plaintiff has failed to allege simultaneous copying, as required by *INS*, and has failed to show copying of more than one small piece of information per newsfeed, also as required by *FII*. *Financial Info., Inc.*, 808 F.2d at 209. Consequently, Plaintiff's misappropriation claim is pre-empted by federal law because Plaintiff has not satisfied the pleading requirement for the "hot news" exception.

Despite its own emphasis on *INS* and *Motorola*, Plaintiff has clearly failed to allege the necessary "free-riding" contemplated by these cases. The Complaint does not contain any allegations that Defendant copied and published the information gathered by Plaintiff <u>before</u> Plaintiff was able to utilize Plaintiff's competitive edge, which, as conceded by Plaintiff, is of primary concern to the *INS* "hot-news" doctrine. Pl.'s Opp. at 8. Every alleged misappropriated item listed in Paragraph 27 of the Complaint confirms that Defendant published the news item

5

<u>after</u> Plaintiff published it.  Plaintiff's allegation that Defendant's free-riding will affect Plaintiff's willingness to continue to provide the public with its news service, Compl. ¶¶ 28-30, is belied by Plaintiff's own delay in filing suit.  Plaintiff sent a cease and desist letter to Defendant on June 3, 2004 but did not file suit until October 29, 2007.  Compl. ¶ 19.  If, as Plaintiff contends, Defendant's free-riding had the effect of substantially threatening Plaintiff's newsfeed, then Plaintiff failure in waiting to bring suit until almost three and a half years after it received notice of the alleged infringement renders its entire claim baseless.  Further evidence that Plaintiff has been unaffected by Defendant's so-called free riding is Plaintiff's own pleading that it "<u>continues to expend substantial resources</u>" to enable it to provide its news service.  Compl. ¶10, Pl.'s Opp. at 3 (emphasis added.)  Plaintiff has made no factual allegations regarding how the alleged misappropriation has or will "destroy [its] incentive to collect the news in the first place".  *Motorola,* 105 F.3d at 853.

Plaintiff's reliance on *Lynch, Jones & Ryan, Inc*., is misplaced because that factually specific case addressed the plaintiff's "embargo period", a 35 minute period during which subscribers agreed not to republish the plaintiff's research reports and which was alleged to have special value to its subscribers because it provided them with an advantage over non-subscribers.  *Lynch, Jones & Ryan, Inc*. *v. Standard & Poor's*, No. 117064/97, P.C. No. 13165, 1998 N.Y. Misc. LEXIS 334, at *2 (Sup. Ct. June 15, 1998).  This "embargo period" was the plaintiff's clearly defined competitive edge.  Here, unlike *Lynch, Jones & Ryan, Inc*., besides the fact that Plaintiff has only alleged copying of noncopyrightable factual news, there is no such "embargo" period to support any allegation that Plaintiff usurped Defendant's competitive edge.  Plaintiff's misappropriation claim fails to meet the bare minimum pleading requirements to qualify for the "hot news" exception to federal preemption and should therefore be dismissed.

6

## POINT III:  EQUITABLE ESTOPPEL BARS PLAINTIFF'S CLAIMS

A defense of equitable estoppel may be decided as a matter of law where there is no evidence upon which a trier of fact reasonably could find for the plaintiff.  *DeCarlo v. Archie Comic Publ'ns, Inc.,* 127 F. Supp. 2d 497, 511 n. 81 (S.D.N.Y. 2001), *aff'd,* 11 Fed. Appx. 26 (2d Cir. 2001).  Here, there are no issues of fact which would preclude a finding of equitable estoppel.  Plaintiff itself admits the first factor, namely that it knew of Defendant's allegedly wrongful conduct, as evidenced by its June 3, 2004 cease and desist letter.  Compl. ¶ 19.  The remaining equitable estoppel factors, which pertain to Defendant's justifiable reliance on Plaintiff's conduct, should be decided as a matter of law based on the facts as alleged in the Complaint.  *See City of New York v. Shalala*, 34 F.3d 1161, 1168 (2d Cir. 1994) (deciding the issue of justifiable reliance as a matter of law).

Contrary to Plaintiff's assertion that Defendant "disregarded TheFly's notice of its claims", Plaintiff actually disregarded its own claims and lulled Defendant into a false sense of security by delaying any action in furtherance of those claims for three and a half years after its cease and desist letter.  Although Plaintiff alludes to vague, unspecified instances where it supposedly repeated its demands to Defendant's principal at industry gatherings, Compl. ¶ 20, Pl.'s Opp. at 4, the failure to delineate the time and date of any such instance, as well as the facile nature of the allegation, render its arguments of no moment in opposition to Defendant's motion.

The facts of the instant case are very similar to those of *Byron v. Chevrolet*, where the court held that the plaintiff's claims were barred by the doctrine of estoppel because the plaintiff waited to initiate suit until six years after sending cease and desist letters to the defendant.  *Byron v. Chevrolet Motor Division of General Motors Corp.,* 93 Civ. 1116, 1995 U.S. Dist. LEXIS 11115 (S.D.N.Y. Aug. 7, 1995) (finding that unreasonable delay by plaintiff resulted in

7

detrimental reliance by defendant, leading to holding that estoppel precluded plaintiff from continuing with action).  *See also, Naxon Telesign Corp. v. Bunker Ramo Corp.,* 686 F.2d 1258, 1266 (7th Cir. 1982) (barring patentee from bringing suit on the basis of estoppel where it sent letter threatening suit and then delayed filing for 58 months)*; Buckward Digital Services, Inc. v. Millar Instruments*, Civil Action No. H-05-1728, 2006 U.S. Dist. LEXIS 29954, at *10-11 (S.D. Tex. Apr. 26, 2006) (finding that all of the criteria for equitable estoppel were met and holding as a matter of law that where no action was taken by plaintiff for at least two and a half years, the defendants detrimentally relied on such inaction); *Watermark Publishers v. High Technology Sys., Inc*., Case No. 95-3839-IEG, 1997 U.S. Dist. LEXIS 22512, at *20-21 (S.D. Cal. June 19, 1997) (barring plaintiff's infringement claim on the basis of equitable estoppel where plaintiff's inaction for three years after sending its cease and desist letter led defendants to detrimentally rely on plaintiff's failure to communicate any further claims).

     As long ago stated by Judge Learned Hand, "It must be obvious to every one familiar with equitable principles that it is inequitable for the owner of a copyright, with full notice of an intended infringement, to stand inactive while the proposed infringer spends large sums of money in its exploitation, and to intervene only when his speculation has proved a success. Delay under such circumstances allows the owner to speculate without risk with the other's money; he cannot possibly lose, and he may win." *Haas v. Leo Feist, Inc*., 234 F. 105, 108 (S.D.N.Y. 1916).  The principle that  a plaintiff should not be permitted to sit on its claims of infringement while the defendant continues to grow a successful business is equally applicable here.  As Defendant has shown, it justifiably relied on Plaintiff's inaction.  Therefore, Plaintiff should be estopped from taking advantage of Defendant's success and should be prohibited from now bringing claims of infringement and misappropriation.

**POINT IV:  A STAY OF THIS CASE IS IN THE INTEREST OF THE PARTIES AND THE COURT**

Defendant has requested a stay of this action pending resolution of the lawsuit filed in this District by the Securities Firms against Plaintiff (*Lehman Bros., et al. v. Theflyonthewall.com, Inc.*, 06 Civ. 4908, Daniels, J.).  In its Opposition, Plaintiff points out that the copyrighted research reports which the Securities Firms' complaint asserts Plaintiff infringed are different than those which currently form the basis of Plaintiff's instant claims of copyright infringement against Defendant.  However, the Securities Firms' suit, which was instituted on June 26, 2006, alleges that Plaintiff's infringement is ongoing and that Plaintiff's "unlawful practices" of "republishing the substance of the Firms' confidential, time-sensitive equity research, often within minutes of its release by the Firms . . . . <u>to plaintiffs' knowledge continues unabated to this day</u>."  Perrone Decl. ¶ 10, Exh. B. ¶ 26 (emphasis added).  Therefore, if Plaintiff has continued to copy the Securities Firms' material, it is probable that the Securities Firms' case will resolve the issue of whether Plaintiff owns the material at issue in the instant case.  Consequently, a stay of this action is warranted.

Further, Defendant believes that it is not coincidental that after the Securities Firms sued Plaintiff, Plaintiff turned right around and brought an almost identical suit against Defendant, even filing a Complaint mirroring almost verbatim the language and allegations in the Securities Firms' complaint.  Plaintiff's claim that a stay will indefinitely permit Defendant's misappropriation and copyright infringement to continue is undermined by Plaintiff's own delay in filing suit three and a half years after notice of the alleged misappropriation and infringement.  Plaintiff has made no argument that further delay of the suit would cause any harm greater than that which allegedly occurred during the past three and a half years.  Therefore, a balancing of factors is in favor of granting Defendant's request for a stay.

## CONCLUSION

Plaintiff's Complaint should be dismissed in its entirety, with an award of costs and attorney fees to Defendant for having to defend itself against this Complaint.

Date:   January 28, 2008						Respectfully submitted,


								/s/ Marc A. Lieberstein
								Marc A. Lieberstein (MAL 7116)
								Barry M. Benjamin (BMB 7350)
								**DAY PITNEY LLP**
								7 Times Square
								New York, New York 10036
								mlieberstein@daypitney.com
								bbenjamin@daypitney.com
								Phone: (212) 297-5800
								Fax:    (212) 916-2940

								Attorneys for Defendant
								Trade The News, Inc.